**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN THE MATTER OF WAR ADMIRAL, | * | NO.  26-900 |
| L.L.C., AS OWNER, AND TURN | * | |
| SERVICES, L.L.C., AS OPERATOR, | * | SECTION |
| OF THE M/V ASSAULT, PETITIONING | * | |
| FOR EXONERATION FROM OR | * | JUDGE |
| LIMITATION OF LIABILITY | * | |
| | * | MAG. |
| *    *    *    *    *    *    *    * | | |

<u>**VERIFIED COMPLAINT IN LIMITATION**</u>

The Verified Complaint in Limitation of War Admiral, L.L.C., as owner, and Turn Services, L.L.C., as operator, of the M/V ASSAULT (collectively, "Petitioners"), in a cause of exoneration from or limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to 28 U.S.C. § 1333, 46 U.S.C. § 30501, *et seq.*, Rule 9(h) of the Federal Rules of Civil Procedure, and Rule F of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Admiralty Rules"), alleges upon information and belief, as follows:

1.

At all times material hereto, War Admiral, L.L.C. ("War Admiral") was and is a Louisiana limited liability company with its principal place of business in Convent, Louisiana, and is the owner of the M/V ASSAULT (sometimes referred to herein as "the Vessel").

2.

At all times material hereto, Turn Services, L.L.C. ("Turn Services") was and is a Louisiana limited liability company with its principal place of business in Convent, Louisiana, and is the operator of the M/V ASSAULT.

3.

The M/V ASSAULT is a 57' pushboat, bearing IMO number 1051709, with a gross registered tonnage of 75 and flagged under the laws of the United States.

4.

At all pertinent times, Petitioners used due diligence to make and maintain the M/V ASSAULT in all aspects seaworthy, and prior to the incident described herein, the M/V ASSAULT was tight, staunch, strong, fully and competently manned, properly equipped and supplied, and in all respects seaworthy and fit for the service in which she was engaged.

5.

On 17 April 2026, at or around 1907 hours, the M/V ASSAULT was safely and properly travelling westbound in the Industrial Canal pushing three (3) barges – SCF 1101B, IN 107045, and IN 085073 – all loaded with cement and destined for offloading at the Continental Cement.

6.

When passing under the Florida Avenue bridge, the M/V ASSAULT made a one whistle (port-to-port) passing with the eastbound M/V BLACK BELT and her tow.

7.

While proceeding ahead, the bow rake of the IN 085073 came in contact with an unseen underwater obstruction, causing damage to the bow rake of the barge.

8.

Petitioners later learned that there was an unmarked concrete Entergy power box and a 54-inch Sewerage & Water Board of New Orleans ("SWB") pipeline in the area and that both reportedly sustained damage. The Entergy box was not identified on the navigational chart and the

SWB pipeline was identified on the chart as being thirty (30) feet below the waterline. The estimated draft of the IN 085073 was nine (9) feet.

9.

This Complaint is filed within six (6) months from the date Petitioners first received any notice of a limitable claim.

10.

The aforementioned incident was not due to any fault, neglect or want of care on the part of Petitioners or the M/V ASSAULT or anyone for whom said Petitioners may be responsible. To the contrary, the Master who was in command of the M/V ASSAULT on 17 April 2026 was experienced, well trained, and highly competent. The inaccuracy or incompleteness of the navigational chart was a condition that could not have been reasonably anticipated and for which Petitioners are not responsible.

11.

The aforementioned incident, and the resulting losses and damages, if any, liability for which is specifically denied by Petitioners, was done, occasioned, and occurred without the fault, privity or knowledge of the Petitioners.

12.

As a result of the aforementioned incident, Petitioners anticipate the following potential claims: i) damage to the hopper barge IN 085073, owned by Ingram Barge Company; ii) damage to the submerged Entergy box and related lines; and (iii) damage to the submerged SWB pipeline.

13.

In addition, other individuals and/or property or facility owners or operators may bring claims in the future arising out of the aforementioned incident involving the M/V ASSAULT, the sum total of which potentially exceeds the value of the M/V ASSAULT and its freight pending, as outlined below. Petitioners bring this action so that all claims by all interested parties can be promptly and fairly adjudicated in a single forum, consistent with procedures established by Congress, the Federal Rules of Civil Procedure, and this Court. Contemporaneous with the filing of this Petition, Petitioners seek an order from this Court establishing a period of time within which any interested party may file a claim for damages so that the final adjudication of this matter may proceed expeditiously under the Court's supervision.

14.

Venue is proper in this judicial district pursuant to Rule F(9) of the Supplemental Admiralty Rules because the M/V ASSAULT has not been attached or arrested, the incident happened on the Mississippi River in this district, and the alleged physical damage occurred in this district.

15.

At the time of the incident, the pending freight for the M/V ASSAULT on the voyage in question was THREE THOUSAND NINETY-FIVE AND 14/100 ($3,095.14) UNITED STATES DOLLARS.

16.

The attached Affidavit of Value from Budwine Marine Consultants dated April 27, 2026, shows the M/V ASSAULT had a value of not more than ONE MILLION TWENTY-EIGHT

THOUSAND FIVE HUNDRED EIGHTY-EIGHT AND 00/100 ($1,028,588.00) UNITED STATES DOLLARS at the time of the incident.[1] Petitioners reserve the right to supplement and amend this paragraph as further facts are developed.

17.

Petitioners' interest in the M/V ASSAULT, based on the attached Affidavit of Value from Budwine Marine Consultants plus her freight pending, does not exceed the maximum sum of ONE MILLION THIRTY-ONE THOUSAND SIX HUNDRED EIGHTY-THREE AND 14/100 ($1,031,683.14) UNITED STATES DOLLARS.

18.

Petitioners herewith submit for Court approval, as security for the benefit of all potential claimants, a Letter of Undertaking from Assuranceforeningen Skuld (Gjensidig) in the sum of ONE MILLION THIRTY-ONE THOUSAND SIX HUNDRED EIGHTY-THREE AND 14/100 ($1,031,683.14) UNITED STATES DOLLARS, plus interest at six percent (6%) per annum from the date of said Letter of Undertaking, said sum representing the total value of the M/V ASSAULT and her appurtenances, plus freight pending.[2]

19.

Petitioners claim exoneration from and limitation of liability from any and all injuries, deaths, losses, or damages occurring as a result of the aforementioned incident and for any and all claims therefor. Petitioners maintain they have valid defenses thereto on the facts and on the law, and they further allege that the incident occurred without the privity and knowledge of Petitioners. Alternatively, Petitioners, without admitting but affirmatively denying all liability, claim the benefit

---

[1] *See* Affidavit of Value, attached as Exhibit A.
[2] *See* Letter of Undertaking, attached as Exhibit B.

of the Limitation of Liability provided for in 46 U.S.C. § 30501, *et seq.*, and, to that end, Petitioners herewith deposit into the registry of the Court, as security for the benefit of all potential claimants, the aforementioned Letter of Undertaking.

20.

Should the Petitioners be found liable and the amount or value of Petitioners' interests in the M/V ASSAULT, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share *pro rata* in the aforesaid sum represented by the Letter of Undertaking, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Admiralty Rules, the General Maritime Law, and by the rules and practices of this Honorable Court.

21.

All and singular, the premises of this Complaint for Exoneration from or Limitation of Liability are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court, and within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE**, Petitioners, War Admiral, L.L.C. and Turn Services, L.L.C., pray that:

1.      This Court issue an Order approving the Letter of Undertaking submitted to the Court by Petitioners as security for the amount or value of their interest in the M/V ASSAULT;

2.      This Court issue a notice to all persons asserting claims with respect to which this Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of this Court and to serve on the attorneys for Petitioners a copy

thereof on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, such person shall file and serve on the attorneys for Petitioners an answer to this Complaint on or before the said date, unless his or her claim has included an answer, so designated;

3.      This Court enjoin the further prosecution of any and all actions, suits, and proceedings already commenced and the commencement or prosecution thereafter of any and all actions, suits or proceedings, of any nature or description whatsoever in any jurisdiction against Petitioners, their officers, and underwriters, and/or against the M/V ASSAULT, her officers, crew, and underwriters, or against any employee or property of Petitioners except in this action, to recover damages for or in respect of any loss, damage, injury or deaths occasioned or incurred as a result of the aforesaid accident;

4.      This Court adjudge, after due proceedings, that Petitioners are not liable to any extent for any injuries, losses, deaths or damages occurring as a result of the accident, or for any claim therefor in any way arising out of or resulting from the aforesaid accident;

5.      Alternatively, if Petitioners shall be adjudged liable, then such liability shall be limited to the amount or value of Petitioners' interest in the M/V ASSAULT, as aforesaid, at the time of the accident, that Petitioners be discharged therefrom upon the surrender of such interest, and that the money surrendered, paid or secured to be paid, as aforesaid, be divided *pro rata* according to the hereinabove mentioned statutes among such claimants as may duly prove and claim in accordance with the provisions of the Order hereinafter prayed for, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered, discharging the Petitioners and their underwriters from all further liability; and

6.      Petitioners have such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

**MURPHY, ROGERS, SLOSS,
 GAMBEL & TOMPKINS**

*/s/ Peter B. Tompkins*
Peter B. Tompkins, T.A. (#17832)
ptompkins@mrsnola.com
Peter B. Sloss (#17142)
psloss@mrsnola.com
Timothy D. DePaula (#31699)
tdepaula@mrsnola.com
Tarryn E. Walsh (#36072)
twalsh@mrsnola.com
Donald R. Wing (#29486)
dwing@mrsnola.com
701 Poydras Street
Suite 400, Hancock Whitney Center
New Orleans, LA 70139
Telephone: (504) 523-0400
Fax: (504) 523-5574

***Attorneys for War Admiral, L.L.C. and Turn
Services, L.L.C.***

## VERIFICATION

**STATE OF LOUISIANA**
**PARISH OF ORLEANS**

BEFORE ME, the undersigned authority, personally came and appeared:

**HANSFORD P. WOGAN**

who, being duly sworn, did depose and say:

That he is a in house counsel for both War Admiral, L.L.C., as owner, and Turn

Services, L.L.C., as operator, of the M/V ASSAULT;

That he is authorized to make this Verification and to file the foregoing Complaint in

Limitation on behalf Petitioners;

That he has read the above and foregoing Complaint;

That all of the allegations of fact contained in the Complaint are true and correct to

the best of his knowledge, information and belief, based on information gathered by him and

provided to him by his clients.

_____
**HANSFORD P. WOGAN**

SWORN TO AND SUBSCRIBED
BEFORE ME, THIS __24__ DAY
OF APRIL 2026.

_____
**NOTARY PUBLIC**

PETER B. TOMPKINS    (Bar No. 17832)